**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

HUMBERTO HERNANDEZ ALONSO,
a/k/a Humberto Fernandez Alonso,

        Petitioner,

v.

OFFICE OF CHIEF COUNSEL/
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

        Respondent.

Civil No. 13-2514 (MJD/JJK)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus, brought under 28 U.S.C. § 2241. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner's submissions in this case indicate that he is a Cuban alien who came to

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

the United States more than 30 years ago. It appears that sometime in the early 1980s, Petitioner was accused of some type of smuggling offense, and as a result, a federal immigration judge ordered that he must be deported. (See Petition, [Docket No. 1], Exhibit E.) Evidently, Petitioner's deportation was never consummated, and at some point during the ensuing years he made his way to Minnesota.

While Petitioner was in Minnesota, he was apprehended by the Immigration and Customs Enforcement agency, ("ICE"), and for some period of time, ICE was detaining him in a county jail here in Minnesota. In July 2012, Petitioner filed a civil complaint in our District Court, seeking relief against "Office of Chief Counsel/ICE." Alonso Fernandez v. Office of Chief Counsel/ICE, Civil No. 12-1639 (JNE/JJK), [hereafter "Alonso I"].[2] Because Petitioner was challenging the legality of his ICE detention, and he was seeking release from custody, he was ordered to restate his claims in a new pleading that was to be styled as a habeas corpus petition. (See Alonso I, Order dated August 23, 2012, [Docket No. 6].) Petitioner did not comply with that order, so Alonso I was summarily dismissed without prejudice. (See Alonso I, Report and Recommendation dated September 19, 2012, [Docket No. 8], and Order dated October 16, 2012, [Docket No. 9].)

It now appears that Petitioner is still being held in ICE custody. However, Petitioner's current submissions show that he is presently being detained in the York County Prison in York, Pennsylvania. Petitioner is seeking a writ of habeas corpus in

---

[2] In Alonso I, Petitioner identified himself as "Humberto Fernandez Alonso," while he now identifies himself as "Humberto Hernandez Alonso." In both cases, however, Petitioner is identified by the same Alien File Number: A-024452219.

this case that would compel ICE to release him from custody. However, the Court finds that Petitioner cannot seek habeas corpus relief in this District at this time. The Court will therefore recommend that this action be summarily dismissed.

## II. DISCUSSION

A habeas corpus petition normally must be filed in the district court where the petitioner is confined. This is so, because in most cases a writ of habeas corpus is directed to the petitioner's immediate custodian, who normally is the warden or chief executive official at the institution where the petitioner is confined. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). See also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973) ("[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody"). As a general rule, a federal district court cannot entertain a habeas corpus petition if neither the petitioner nor his custodian is located within the court's geographical boundaries when the petition is filed. See United States v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977) ("[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court"). See also Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974); Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977); Kills Crow v. United States, 555 F.2d 183, 189, n. 9 (8th Cir. 1977); McCoy v. United States Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976).

In this case, the named Respondent is identified as "Office of Chief Counsel/Immigration and Customs Enforcement." The civil cover sheet filed with the current petition indicates that the named Respondent supposedly is located in both

Bloomington, Minnesota, and York, Pennsylvania. However, regardless of who Petitioner might have intended to name as Respondent, and regardless of where that party might be located, the Court finds that the only <u>proper</u> respondent in this case is Petitioner's immediate custodian, i.e., the warden or chief executive official at the York County Prison, where Petitioner is currently detained.

The Court recognizes that the district in which a habeas petitioner is currently confined is not <u>always</u> the <u>only</u> district in which habeas relief can be sought. If a habeas petitioner is challenging some contemplated <u>future</u> confinement that would occur in some other district, then he might be able to seek habeas relief in a district other than the district where he is confined. See <u>Padilla</u>, 542 U.S. at 438 ("a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody'"). In <u>Braden</u>, for example, an Alabama prisoner was allowed to seek habeas relief in a Kentucky district court, because he was not challenging his current confinement, but rather, he was challenging a Kentucky detainer that had been filed against him that could have precipitated some <u>future</u> confinement in that state. 410 U.S. at 498-99.

However, when a habeas petitioner is directly challenging the legality of his current custody, and seeking immediate release from his current confinement, he must seek a writ of habeas corpus that would be directed to his immediate custodian, and he must seek such relief in the district in which he is confined. As the Supreme Court explained in <u>Padilla</u>:

> "in habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other

4

remote supervisory official."

542 U.S. at 435.

The Court emphasized this point by reiterating that –

"In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."

Id. at 439.  See also Kholyavskiy v. Achim, 442 F.3d 946, 952-53 (7th Cir. 2006) (when an ICE detainee files a habeas corpus petition that directly challenges the legality of his current confinement, his immediate custodian must be the named respondent, and his petition must be filed in the district in which he is confined).

Here, it plainly appears that Petitioner is seeking immediate release from his present physical confinement.  Therefore, in accordance with Padilla, the Court finds that the proper respondent in this action is Petitioner's immediate custodian, i.e., the warden or chief executive official at the York County Prison, which is located in the Middle District of Pennsylvania.

Because Petitioner's immediate custodian is located in the Middle District of Pennsylvania, Petitioner's current habeas petition should have been filed in that District. The Supreme Court pronounced this rule very clearly in Padilla, stating that –

"with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'"

542 U.S. at 442, quoting Carbo v. United States, 364 U.S. 611, 618 (1961).

To ensure that this rule could not be misunderstood, the Court restated it, very plainly, as follows:

> "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."

Id. at 447 (emphasis added).

Because Petitioner is challenging the legality of his present physical custody, the proper respondent in this case is his current warden, and the proper forum for his habeas petition is the district in which he and the warden are located. Neither Petitioner, nor his immediate custodian, is presently located in Minnesota. Therefore, the Minnesota District Court cannot exercise jurisdiction in this matter, and Petitioner's current habeas corpus petition cannot be heard and decided on the merits here. Padilla, supra; United States v. Hutchings, 835 F.2d 185, 187 (8th Cir. 1987).

The Court must next consider whether this action should be dismissed, or whether it should be transferred to the district in which Petitioner and his custodian are presently located – namely the Middle District of Pennsylvania. If it would serve "the interest of justice," this matter could be transferred to the district where Petitioner is confined, pursuant to 28 U.S.C. § 1631, ("Transfer to Cure Want of Jurisdiction"). However, the Court finds that this action should not be transferred for two reasons.

First, Petitioner has already filed a habeas corpus petition in the Middle District of Pennsylvania. The Clerk's records for that District show that Petitioner filed a habeas corpus petition in that District on September 11, 2013 – just five days before his current petition was filed in this District.[3] The named Respondent in that other case is "U.S.

---

[3] The docket sheet for Petitioner's habeas corpus case in the Middle District of Pennsylvania is accessible to this Court by means of Case Management/Electronic Case Filing, ("CM/ECF"), a recording-keeping system maintained by the federal judiciary. The

6

Department of Homeland Security," which is superintendent agency responsible for enforcing the federal immigration laws. Thus, it appears that the claims presented in Petitioner's other pending habeas corpus petition must be similar to the claims presented here. In any event, given that Petitioner already has a habeas corpus petition pending in the Middle District of Pennsylvania, the Court finds that it would not serve the interest of justice to transfer the present petition to that District.

Furthermore, it is highly doubtful that Petitioner's current claims for relief can properly be raised and decided by means of any habeas corpus petition filed in <u>any</u> district, because Petitioner apparently wants to overturn the deportation order that caused ICE to take him into custody. It seems clear that Petitioner is <u>not</u> just challenging his ongoing custody resulting from an admittedly valid deportation order, but rather, he is attempting to challenge the actual legality and enforceability of the deportation order itself.

However, since the enactment of REAL ID Act in 2005, federal district courts no longer have habeas jurisdiction to review final deportation orders. <u>Tostado v. Carlson</u>, 481 F.3d 1012, 1014 (8th Cir. 2007). "Pursuant to § 106 of the REAL ID Act, [8 U.S.C. § 1252(a)(5)], <u>a petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal, deportation, or exclusion</u>." <u>Id</u>. (emphasis added). The exclusive remedy rule of the REAL ID Act appears to be applicable here, because it appears that Petitioner is directly challenging the validity of his deportation order. As far as the Court can tell, Petitioner is claiming that his deportation order is legally invalid, and

---

case number of Petitioner's habeas corpus case in the Middle District of Pennsylvania is Civil No. 1:13-CV-2354-SHR-AM.

he should therefore be released from custody.  However, the REAL ID Act prohibits a federal district court from entertaining such claims in a habeas corpus proceeding, and mandates that such claims must be brought in the apposite federal circuit court. Tostado, supra.  See also Haider v. Gonzales, 438 F.3d 902, 910 (8th Cir. 2006) (when alien's habeas corpus petition "does nothing more than attack the IJ [Immigration Judge's] removal order," an application to the Court of Appeals provides "'the sole and exclusive means for judicial review'"); Skurtu v. Mukasey, 552 F.3d 651, 658 (8th Cir. 2008) (when alien's pleading "seeks review of the IJ's removal order, 'sole and exclusive means for judicial review' is vested in this court").[4]

Because of the limitations on habeas corpus review prescribed by the REAL ID Act, it is highly unlikely that the claims raised in Petitioner's current habeas corpus petition could be entertained in any habeas corpus action – even if the action were filed in the District in which Petitioner is currently confined.  Therefore, if Petitioner's current habeas corpus petition were transferred to the Middle District of Pennsylvania, it probably could not be heard and decided on the merits there because of the REAL ID Act.  For this additional reason, the Court finds that it would not be in the interest of justice to transfer this case to the Middle District of Pennsylvania pursuant to § 1631.

### III.  CONCLUSION

---

[4]  It looks like Petitioner's deportation order was entered in the Southern District of California, in which case, any legal challenge to that order would have to be brought in the Ninth Circuit Court of Appeals.  See Trejo-Mejia v. Holder, 593 F.3d 913, 914 (9th Cir. 2009) ("'[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings") (quoting 8 U.S.C. § 1252(b)(2)) (emphasis added by the Ninth Circuit Court of Appeals).

The Court concludes that Petitioner's current application for habeas corpus relief under § 2241 cannot be brought in this District, because Petitioner is seeking immediate release from custody, and neither Petitioner, nor his custodian, is currently located in this District. Thus, the United States District Court for the District of Minnesota lacks jurisdiction over Petitioner's present habeas corpus petition.

The Court further concludes that this action should <u>not</u> be transferred to the district where Petitioner is now confined, (i.e., the Middle District of Pennsylvania), because (a) Petitioner has already filed a habeas corpus petition in that District, and (b) the REAL ID Act apparently precludes Petitioner's current claims for relief from being heard and decided in a habeas corpus action in <u>any</u> federal district court. The Court will therefore recommend that Petitioner's habeas corpus petition be denied without prejudice, and that this action be summarily dismissed for lack of jurisdiction.[5]

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241, (Docket No. 1), be **DENIED WITHOUT PREJUDICE**; and

2. This action be summarily **DISMISSED FOR LACK OF JURISDICTION**

---

[5] If this action is dismissed without prejudice, as the Court is recommending, then Petitioner can still attempt to pursue his current claims for relief in some other forum. However, the Court notes that the claims presented in Petitioner's current petition are very poorly articulated. If Petitioner does continue to seek relief elsewhere, he should try to clarify his claims, and present them in a more coherent and comprehensible manner.

Dated: September 25, 2013

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 9, 2013,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.